UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AWLIYAH B. SAFI,

Plaintiff,

-against-

SITE 15 PRESERVATION LLC; WINN RESIDENTIAL (NY) LLC,

Defendants.

26-CV-7456 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff is appearing *pro se*. She asserts claims against two limited liability companies for their alleged inaccurate accounting of her rental housing payments. By Order dated September 2, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth in this Order, the Court dismisses this action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Awliyah Safi resides at 203 West 148th Street in Manhattan. (ECF 1 at 3.) Plaintiff attaches to the complaint public records and a lease renewal listing Site 15 Preservation LLC as owner of the rental property where she lives, and Winn Residential (NY) LLC ("Winn") as managing agent. (*Id.* at 20, 21.) Plaintiff alleges that there have been "unexplained accounting discrepancies" in her rental ledger, including removal or reversal of previously applied credits without adequate explanation. (*Id.* at 5.)

On November 4, 2025, Plaintiff received an email from Winn advising her that she had a $3,583.70 balance. (*Id.* at 15.) Plaintiff alleges that Winn's monthly statements reflect changing amounts due. On August 2, 2026, Plaintiff sent a letter via certified mail to Winn demanding a complete accounting for December 2024 through May 2026. (*Id.* at 9.)

Plaintiff sues Defendants Site 15 Preservation LLC and Winn, seeking damages of "two years' worth of rent . . . [and] moving fees." (*Id.* at 6.) She asserts that Defendants' inaccurate accounting and improper adjustments violated her rights.

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. " [A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)(emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative [.]").

**A. Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996). Plaintiff does not invoke the Court's federal question jurisdiction, and any claims that she may have regarding accounting of her rental payments arise, if at all, under state law. Because the allegations in the complaint do not appear to implicate any federal

law, the complaint does not satisfy Plaintiff's burden of showing a basis for the exercise of federal question jurisdiction over this action.

**B. Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

For purposes of diversity jurisdiction, an individual is a citizen of the state where he or she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person " has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning.") (internal quotation marks and citation omitted). A corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), but a limited liability company takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company " takes the citizenship of each of its members" for diversity purposes).

Plaintiff alleges that she is domiciled in New York, New York. (ECF 1 at 2.) Although Plaintiff does not allege citizenship facts about the members of Defendants Site 15 Preservation, LLC or Winn Residential, LLC, Plaintiff does allege that both limited liability companies are citizens of New York. (*Id.* at 3.) Plaintiff therefore does not meet her burden of demonstrating that the citizenship of the parties is diverse. Plaintiff's prayer for relief, which seeks rental payments for two years plus moving expenses, also does not satisfy the $75,000 statutory

requirement.[2] Accordingly, the Court cannot exercise diversity jurisdiction over this matter. The Court therefore dismisses the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp*., 310 F.3d 243, 258 (2d Cir. 2002). . Here, this appears to be an action arising under state law for which the federal court lacks subject matter jurisdiction. Because Plaintiff may be able to allege additional facts that demonstrate that the Court has subject matter jurisdiction over this action, the Court grants Plaintiff leave to amend her complaint to replead her claims.. *See*, *e.g.*, *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987) (district court's failure to consider whether plaintiff should be allowed to amend to exclude nondiverse parties was an abuse of discretion).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to file an amended complaint, if she chooses to do so, to show that the federal court has subject matter jurisdiction over this action.

---

[2] Plaintiff attaches a renewal lease from July 2025 listing her monthly rent as $1254.65, or approximately $15000 annually.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 8, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge